## J. SWAN ET AL., EXRS., v. J. H. COVERT.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 29, 1890—Decided November 10, 1890

(a) A will provided: "If any interest that I may have in the Green Tree farm remains unsold at my death, I hereby authorize and empower my executor to join in the sale of any such land unsold, giving my said executor full power and authority to join in making deed or deeds for the same:

1. Although, after the date of the will and before the testator's death, his undivided interest as a tenant in common of the Green Tree farm was set apart to him in severalty under proceedings in partition, his executors had power to sell and convey such interest remaining unsold at his death.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

Opinion of the Court.

No. 220 October Term 1890, Sup. Ct.; court below, No. 114 December Term 1890, C. P. No. 1.

On September 13, 1890, a case stated was filed, wherein John Swan and William Lyons, executors of the will of Robert Swan, deceased, were plaintiffs, and Jacob H. Covert, defendant, submitting to the judgment of the court whether the said executors could make title, under said will, to a certain parcel of land, part of the Green Tree farm, sold by them to the defendant by articles of agreement for $3,000, payable in cash on the delivery or tender of a deed.

The case stated showed that on June 16, 1873, the date of the testator's will, containing as paragraph 10 the provision quoted in the syllabus hereto, the testator was the owner of an undivided one fifth interest in a farm in Reserve township, known as the Green Tree farm; that in 1877, under partition proceedings to No. 390 June Term 1877, of the Court of Common Pleas No. 1, the interest of the testator was set apart to him in severalty, and that the testator died in January, 1880, still owning said purpart, the lot subsequently sold by the plaintiffs to the defendant.

After argument of the case stated, the court, STOWE, P. J., entered judgment for the plaintiffs for $3,300; exception. Thereupon the defendant took this appeal, assigning the order entering judgment for the plaintiffs for error.

*Mr. R. A. Balph* (with him *Mr. Jas. Balph*), for the appellant.

Counsel cited: 2 Washb. on Real P., 654.

*Mr. George D. Riddle* (with him *Mr. S. H. Geyer*), for the appellees.

Counsel cited: Act of June 4, 1879, P. L. 88; Stiver's Est., 21 W. N. 335; 3 Redf. on Wills, 137; Leeds v. Wakefield, 10 Gray 514, 519; Gray v. Henderson, 71 Pa. 368.

PER CURIAM:

This was a case stated, and the only question presented was whether, under the will of Robert Swan, deceased, the executors have the power to sell the real estate in controversy. Of this we have no doubt.

The tenth paragraph of the will provides that " if any inter- est that I may have in the Green Tree farm remains unsold at my death, I hereby authorize and empower my executor to join in the sale of such land unsold, giving my said executor full power and authority to join in making deed or deeds for the same." At the time the will was made, the testator held the land in question as tenant in common with three other per- sons. Prior to his death his share of the land was set apart to him in severalty by proceedings in partition. It was this real estate which was referred to in the tenth paragraph of the will; and, as the language used was merely " to join in making a deed or deeds for the same," it was contended the testator did not intend to give his executor the power to sell land belong- ing to him in severalty. It was natural to use this language when the will was made, as the testator at that time held an undivided interest. But he evidently intended that whatever interest he held should be sold, for he expressly says: " If *any* interest that I may have in the Green Tree farm remains un- sold at my death," etc. This shows plainly that the testator contemplated that his interest in the farm might be different at the time of his death, from what it was when he made his will. It might be enlarged or diminished. Hence he gives his executor the power to sell " any interest; " and we do not regard the subsequent language, referred to, as in any way im- pairing or restricting the power of sale. The learned judge below was entirely right in entering judgment for the plaintiff in the case stated, and it is accordingly

Affirmed.

